IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MALCOLM J. NEAL, | ) |
| Petitioner, | ) |
| v. | ) Case No. 16-cv-03229 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Malcolm J. Neal's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 1). In light of Garza v. Idaho, 139 S. Ct. 738 (2019), the Court finds that, if Petitioner's allegations are true, he is entitled to pursue his appeal. The Government is DIRECTED to file a supplemental response on or before August 2, 2019, advising the Court as to whether an evidentiary hearing is needed.

Also before the Court is Petitioner's Motion to Amend (Doc. 6). For the reasons explained below, Petitioner's Motion is DENIED.

## I. BACKGROUND

In May 2015, a federal grand jury charged Petitioner with numerous drug trafficking offenses and related counts. See United States v. Neal, United States District Court, Central District of Illinois, Springfield Division, Case No. 3:15-cr-30022 (hereinafter, Crim.), Indictment (d/e 1). On August 8, 2015, Petitioner pleaded guilty pursuant to a written plea agreement to two of the charges: Conspiracy to Distribute 100 Grams or More of Heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) (Count 1), and Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 9). Crim., Plea Agreement (d/e 10); Minute Entry Aug. 8, 2015.

As part of his plea agreement, Petitioner agreed to waive his right to direct appeal and collateral attack. The plea agreement stated that "the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statute of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in

exchange for the concessions made by the United States in this plea agreement. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel." Crim., Plea Agreement at ¶25 (d/e 10).

The United States Probation Office prepared a revised Presentence Investigation Report. Crim., RPSR (d/e 19). Petitioner was subject to a statutory mandatory minimum term of imprisonment of five years and a maximum term of 40 years on Count 1, and a statutory mandatory minimum term of imprisonment of five years to a maximum of life on Count 9, to be served consecutively to Count 1. See 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 924(c)(1)(A)(i). The revised PSR concluded that his advisory sentencing guideline range was 100 to 125 months' imprisonment on Count 1, and 60 months' imprisonment on Count 9. Crim., RPSR at ¶108.

At the sentencing hearing on December 18, 2015, the Court accepted Petitioner's guilty plea. The Court sentenced Petitioner to a below guidelines sentence of 80 months' imprisonment on Count 1, and 60 months' imprisonment on Count 9, to run consecutively

to Count 1, for a total imprisonment sentence of 140 months. The Judgment issued the same day. Crim., Judgment (d/e 24).

On June 1, 2016, Petitioner filed a belated Notice of Appeal. Crim., Notice of Appeal (d/e 27); United States v. Neal, Case No. 16-2332 (7th Cir.). Petitioner argued that his untimely appeal should be allowed because he had instructed his counsel to file a Notice of Appeal, but his counsel had failed to do so. The Government filed a response on June 21, 2016, arguing that, while Petitioner may have a claim of ineffective assistance of counsel regarding his counsel's failure to file a notice of appeal, such a claim was properly brought under 28 U.S.C. § 2255 and did not excuse his untimely notice of appeal. The Seventh Circuit dismissed his appeal as untimely on June 27, 2016.

On August 18, 2016, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1), raising the claim that he received ineffective assistance of counsel when his counsel failed to file a notice of appeal after being instructed to do so by Petitioner. Motion at 4-5 (Doc. 1).

The Government filed its response (Doc. 3) on September 19, 2016, and Petitioner filed his reply (Doc. 5) on October 24, 2016.

Petitioner then filed a Motion to Amend (Doc. 6) on May 1, 2017, seeking to add claims that his counsel was ineffective for failing to file a motion to suppress, and that proceedings before the Court were void because his counsel did not file a notice of appearance in violation of "Federal Rule Procedure 57.1." Mot. to Amend at 6-7 (Doc. 6). The Government filed a Response to the Motion to Amend (Doc. 7) on May 15, 2017, arguing that his additional claims are untimely. Petitioner filed an untimely reply (Doc. 10) nearly a year later on April 30, 2018. This Order follows.

## II. **ANALYSIS**

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). "[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such claims usually. . . involve evidence outside the

record." Galbraith v. United States, 313 F.3d 1001, 1007 (7th Cir. 2002).

The Sixth Amendment guarantees criminal defendants effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684-86 (1984). Under Strickland's familiar two-part test, Petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 690. A petitioner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

**A. In Light of Garza v. Idaho, 139 S. Ct. 738 (2019), Petitioner May Be Entitled to Pursue his Appeal.**

Petitioner's original Motion alleges that he specifically instructed his counsel to file a notice of appeal, and his counsel failed to do so. In its response, the Government, relying on Nunez v. United States, 546 F.3d 450, 455 (7th Cir. 2008), argued that

even if Petitioner specifically instructed his counsel to file an appeal, his counsel's performance was not defective in light of the appellate waiver in Petitioner's plea agreement.  However, since briefing in this case, the Supreme Court, in Garza v. Idaho, 139 S. Ct. 738 (2019), held that an attorney renders deficient performance by not filing a notice of appeal in light of their client's clear request, even in the face of an appeal waiver.  Id. at 747.  Garza abrogated the Seventh Circuit's decision in Nunez.  Moreover, Garza held that such deficient performance is presumptively prejudicial as long as the defendant can show that the deficient performance deprived him "of an appeal that he otherwise would have taken."  Id. (citing Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000).

    Here, Petitioner alleges that counsel refused to file an appeal after a clear request and that he would have taken the appeal.  If Petitioner's allegations are true, then Petitioner is entitled to have the Court vacate and reenter the judgment, allowing the appeal to proceed.  It would likely be a frivolous appeal, of course, as

Petitioner indeed waived his right to appeal in his plea agreement, but it is his right nonetheless.

The Government did not address the factual allegations in its response. If the Government disputes Petitioner's allegations, the Court must have a hearing to determine whether Petitioner's allegations are true. However, if the Government does not object, the Court can vacate and reenter the judgment without a hearing, and allow the appeal to proceed. See, e.g., United States v. Sandoval-Lopez, 409 F.3d 1193, 1198-1199 (9th Cir. 2005). Accordingly, the Government is ordered to file a supplemental response on or before August 2, 2019, advising the Court whether an evidentiary hearing will be needed.

**B. Petitioner's Claims in his Motion to Amend are Untimely.**

In his Motion to Amend, Petitioner raises two additional claims: (1) that his attorney rendered ineffective assistance when he failed to file a motion to suppress evidence prior to his guilty plea and (2) that his guilty plea is void because defense counsel did not properly enter his appearance. However, the Government argues that the claims are untimely raised. Requests to amend § 2255

Motions are governed by Fed. R. Civ. P. 15(a). Mayle v. Felix, 545 U.S. 644, 654 (2005). Motions to Amend may be granted "freely . . . when justice requires." Id. However, new claims must either "independently meet the statute of limitations" or "relate back to the date of the original pleading." Riney v. United States, No. 15-3783, 2017 WL 3426473, at *1 (7th Cir. Feb. 10, 2017) (citing Mayle, 545 U.S. at 654).

Here, Petitioner's claims do not relate back to his original motion. Under Fed. R. Civ. P. 15(c)(1)(B), "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." This rule "relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle, 545 U.S. at 659. Petitioner's only claim in his original motion was that his attorney failed to file a Notice of Appeal after Petitioner instructed him to do so. In his untimely reply, Petitioner claims that all of his claims arose out of the same facts since they all allege ineffective

assistance of counsel claims. Reply at 3 (Doc. 10). But the fact that a claim has the same legal basis does not make it arise out of the same facts. His new claims regarding his attorney's failure to file a notice of appearance, and his attorney's failure to file a motion to suppress evidence, are entirely separate grounds with no common facts.

Further, Petitioner's claims do not independently fall within the statute of limitations. A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). Petitioner's conviction became final more than a year before filing his motion to amend (§ 2255(f)(1)). Petitioner's conviction became final on January 1, 2019, 14 days after entry of judgment, when the time for filing a direct appeal expired. See Crim., Judgment (d/e 24) (entered December 18, 2015). Petitioner's Motion to Amend his § 2255 Motion, filed in August 2016, was filed beyond one-year from the date the conviction was final. Moreover, the other three ways to calculate timeliness do not apply: Petitioner does not allege that any government action prevented him from making a motion (§ 2255(f)(2)), that a new right exists (§ 2255(f)(3)), or that he recently discovered, through the exercise of due diligence, facts

supporting the ineffective assistance of counsel claim (§ 2255(f)(4)). His Motion to Amend is, therefore, denied.

Additionally, the Court notes that Petitioner's claim that his guilty plea is void because defense counsel did not enter an appearance in his case could not entitle him to any relief. Petitioner cites "Federal Rule 57.1" as the basis for his claim. He appears to be citing a local rule from the Northern District of Illinois. <u>See</u> NDIL LCrR57.1 ("Each attorney representing a defendant in a criminal proceeding shall file an appearance. The appearance must be filed prior to or simultaneously with the filing of any motion, brief or other document or at the initial court appearance, whichever occurs first. A copy of the appearance shall be served on the United States attorney."). However, the Central District of Illinois does have a similar rule which provides: "No attorney may appear on behalf of a criminal defendant unless the attorney is admitted to practice in this court and has filed a written entry of appearance in the case." CDIL-LR Crim. 57.3.

While Petitioner's attorney did not file a separate written entry of appearance in the case, the record shows that Petitioner's attorney, Assistant Federal Public Defender Douglas Quivey, was

appointed by the Court to represent Petitioner at his initial appearance and arraignment on June 2, 2015. See, Crim., June 2, 2015 Minute Entry. Any technical violation of the rule could not have prejudiced Petitioner in any way, as Mr. Quivey was promptly added as attorney of record on June 2, 2015, and the Court, Government, and Petitioner were all aware that Mr. Quivey would be representing the Petitioner in the case.

## IV. **CONCLUSION**

For the reasons stated, the Government is DIRECTED to file a supplemental response on or before August 2, 2019, advising the Court as to whether an evidentiary hearing is needed. Petitioner's Motion to Amend (Doc. 6) is DENIED.

ENTER: July 17, 2019

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
